IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-02670-RTG

JANE DOE,

 Plaintiff,

v.

WORKDAY, INC.,
CURTIS DEE DEREK WATSON, and
MELANIE ROSELAND,

 Defendants.

## ORDER OF DISMISSAL

 Plaintiff Jane Doe resides in Grand Junction, Colorado. On August 26, 2025, she initiated this action by submitting *pro se* a Complaint (ECF No. 1), a Motion to Proceed Under Pseudonym (ECF No. 2), and a Notice of True Identity (ECF No. 3). She asserts claims against her former employer, a former co-worker, and a former supervisor.

 On August 27, 2025, the Court ordered Plaintiff to cure certain designated deficiencies. (ECF No. 6). Specifically, Plaintiff was ordered to either pay the $405.00 filing and administrative fees or submit a motion to proceed *in forma pauperis* on the court-approved form. (*Id.*). Further, Plaintiff was ordered to submit her claims on the court-approved Employment Discrimination Complaint form or the court-approved general Complaint form. (*Id.*). Further, the Court instructed Plaintiff that if she was

1

pursuing an employment discrimination action, she must attach a copy of the administrative charge of discrimination and notice of right to sue letter as required under Section E of the court-approved Employment Discrimination Complaint form. (*Id.*). And, if she was not pursuing an employment discrimination action, she was ordered to adequately allege federal jurisdiction. (*Id.*). Plaintiff was warned that if she failed to cure the deficiencies as directed within the time allowed, the action would be dismissed without further notice. (*Id.*).

Plaintiff has failed to cure the deficiencies as directed within the time allowed, and she has not communicated with the Court in any way regarding this action since the Court's August 27, 2025 Order. Therefore, the action will be dismissed for failure to cure deficiencies and failure to prosecute.

Furthermore, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal, she also must pay the full $605.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Complaint (ECF No. 1) and this action are dismissed without prejudice because Plaintiff failed to cure deficiencies within the time allowed and failed to prosecute. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit. It is

FURTHER ORDERED that all pending motions are DENIED as moot.

DATED at Denver, Colorado, this __16th__ day of ____October____, 2025.

BY THE COURT:

_____s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court